Filed 6/29/23; Certified for Publication 7/24/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAYMOND PICKETT,<br><br>    Defendant and Appellant. | B320892<br><br>(Los Angeles County<br>Super. Ct. No. A020654) |

APPEAL from an order of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Affirmed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Theresa A. Patterson, Deputy Attorneys General for Plaintiff and Respondent.

Raymond Pickett appeals from an order summarily denying his petition to vacate his murder conviction and be resentenced under Penal Code section 1172.6.[1]  Based on our independent review, we agree with the trial court that Pickett failed to make a prima facie showing for relief.  We therefore affirm the court's order.

**FACTUAL AND PROCEDURAL SUMMARY**

In September 1979, Michael Moore died as a result of a gunshot wound.  The district attorney charged Pickett with Moore's murder.

During Pickett's preliminary hearing, the following evidence was adduced from two individuals with personal knowledge of the events.  On the afternoon of September 16, 1979, Pickett was shooting a firearm in an alleyway in a residential area of Long Beach.  A short time later, Al F., a juvenile, went into a neighbor's garage with his friend, Willie W.  Willie took a bottle of wine from the garage.  As Willie left the garage, Moore, a gardener who had been working at the house next door, tapped Willie on the shoulder, took hold of Willie's arm, and "[told] him to put it back," or words to that effect.  Willie returned to the garage with Moore, and Al walked away.

Pickett overheard Al tell a third person what had transpired between Willie and Moore.  Pickett walked up to

---

[1] Subsequent unspecified statutory references are to the Penal Code.

Pickett filed his petition for resentencing under former section 1170.95, which the Legislature later renumbered section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We hereafter cite to section 1172.6 for ease of reference.

Willie and spoke with him briefly. Pickett then approached Moore, who was standing in the street near his truck. After conversing with Moore for several minutes, Pickett pulled out a gun. Moore started walking backwards, and Pickett fired a shot into the air. The individuals who saw Pickett fire the shot ran from the scene and heard one or two more shots being fired.

One witness looked back and saw Moore lying on the ground. Moore appeared to have been shot in the leg. According to a medical examiner, Moore had been hit by a bullet that lacerated an artery in his right buttock, causing his death.

Sometime after the shooting, a witness overheard Pickett saying that he would shoot anyone who "snitched."

There was no evidence suggesting that anyone other than Pickett was involved in Moore's death.

At the conclusion of the preliminary hearing, Pickett was held to answer the charge. The district attorney thereafter filed an information charging Pickett with the murder of Michael Moore and alleging that Pickett personally used a firearm— a .38 caliber automatic pistol—in the commission of the crime.

In February 1980, Pickett pleaded guilty to second degree murder (§ 187) and admitted the firearm allegation (former § 12022.5).[2] The court sentenced him to prison for 15 years to life, plus two years for the firearm use. In sentencing Pickett, the court explained that Pickett committed "a cold calculated shooting" with "absolutely no provocation, no reason for [the shooting], other than a superegoistic expression on the part of the defendant."

---

[2] Our record does not include a transcript of the plea hearing and does not indicate whether Pickett stipulated to a factual basis for his plea.

3

On January 21, 2022, Pickett filed a petition for resentencing under section 1172.6.  By checking boxes on a preprinted form, Pickett alleged:  (1) an information was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory of imputed malice based solely on his participation in a crime; (2) he was convicted of murder or accepted a plea offer in lieu of a trial at which he could have been convicted of murder; and (3) he "could not presently be convicted of murder . . . because of changes made to [sections] 188 and 189, effective January 1, 2019."  Pickett did not support his petition with any facts concerning the killing of Moore.  Nor did he allege that he was not the actual killer.

The court appointed counsel for Pickett upon his request. The court also directed the district attorney to file a response to the petition and informed Pickett that he "may file and serve a reply" to the response.

In the response to the petition, the district attorney relied in part on the transcript of Pickett's preliminary hearing, which we summarized above, and argued that Pickett is ineligible for resentencing because he is "the actual killer."  (Boldface omitted.) The district attorney also submitted a transcript of Pickett's sentencing hearing[3] and a post-plea probation report.[4]

---

[3] In Pickett's opening brief on appeal, his counsel describes the copy of the sentencing hearing transcript as "nearly wholly illegible."  Although the quality of the reproduction is poor, making the transcript difficult to read, it is almost entirely legible.

[4] According to the probation report, Pickett described his shooting of Moore and indicated that he acted alone.

On April 25, 2022, Pickett's appointed counsel informed the court that she would not be filing any reply to the district attorney's response to Pickett's petition, and was submitting on the petition.

The court summarily denied the petition on the ground that Pickett "is not entitled to relief as a matter of law" because he "was the shooter," and section 1172.6 "does not apply to a situation where the defendant was the actual shooter in a murder case." (Boldface omitted.)

Pickett timely appealed.

## DISCUSSION

### A. *Section 1172.6*

In 2018, the Legislature enacted Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 2, p. 6675), which "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule." (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) The law is intended "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, p. 6674; see *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Senate Bill No. 1437 also enacted the predecessor to section 1172.6. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.) Section 1172.6 authorizes an individual convicted of murder based on the natural and probable consequences doctrine or the felony-murder doctrine to petition the superior court to vacate the conviction and be resentenced on any remaining counts if the

petitioner could not now be convicted of murder because of the changes made by the new law. (See *Lewis*, *supra*, 11 Cal.5th at pp. 959–960.)

A petition under section 1172.6 must state, among other allegations, that the "petitioner could not presently be convicted of murder or attempted murder because of changes" Senate Bill No. 1437 made to the law of murder. (§ 1172.6, subd. (a)(3).) When, as here, a petitioner files a facially sufficient petition, the trial court must appoint counsel for the petitioner, if requested, and determine, after the opportunity for briefing and a hearing, whether the defendant has made a prima facie case for relief under section 1172.6. (§ 1172.6, subd. (c); *People v. Hurtado* (2023) 89 Cal.App.5th 887, 891; *People v. Flores* (2022) 76 Cal.App.5th 974, 985 (*Flores*).)

In determining whether the defendant made the requisite prima facie showing, the court may rely on the defendant's record of conviction. (*Lewis*, *supra*, 11 Cal.5th at p. 970; *Flores*, *supra*, 76 Cal.App.5th at p. 988.) In cases where the conviction resulted from a guilty plea rather than a trial, the record of conviction may include the transcript of the defendant's preliminary hearing testimony when the transcript "reliably reflect[s] the facts of the offense for which the defendant was convicted." (*People v. Reed* (1996) 13 Cal.4th 217, 223; see *People v. Patton* (2023) 89 Cal.App.5th 649, 657 (*Patton*), review granted June 28, 2023, S279670 [summary denial of section 1172.6 petition affirmed based on uncontroverted testimony at preliminary hearing]; cf. *People v. Solis* (2001) 90 Cal.App.4th 1002, 1018–1019 [preliminary hearing transcript is part of record of conviction and may be relied on to prove conduct underlying prior felony conviction for purposes of Three Strikes law]; *People v. Blackburn*

(1999) 72 Cal.App.4th 1520, 1531 [same]; *People v. Houck* (1998) 66 Cal.App.4th 350, 356–357 [preliminary hearing transcript is not part of record of conviction when conviction resulted from a jury verdict].)

"The record of conviction," our Supreme Court has explained, "will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless.  This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis, supra*, 11 Cal.5th at p. 971.) Although, in reviewing the record of conviction, courts "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion' " (*id.* at p. 972), when "the record . . . makes clear that [the petitioner] was the actual killer and the only participant in the killing," the petitioner "is not entitled to any relief under section 1172.6" (*People v. Delgadillo* (2022) 14 Cal.5th 216, 233).  (See *People v. Garcia* (2022) 82 Cal.App.5th 956, 969–971 [where record of conviction "unequivocally establishes that defendant was the 'actual killer,' " defendant is not entitled to relief under section 1172.6 as a matter of law].)

We independently review the trial court's determination that the petitioner failed to make a prima facie showing for relief. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Eynon* (2021) 68 Cal.App.5th 967, 975 (*Eynon*).)

**B.    *Analysis***

Based on our independent review of the record, we agree with the trial court that Pickett has not made a prima facie showing for relief under section 1172.6.

Although Pickett's petition is facially sufficient and thus entitled him to the appointment of counsel, it is devoid of factual allegations concerning the killing of Moore. Pickett does not deny that he was the actual killer, nor does he assert that another person fired the shot that killed Moore or that he acted without the intent to kill. He merely states the legal conclusion that he could not now be convicted of murder because of changes made to the law of murder under Senate Bill No. 1437.

In response to the petition, the district attorney submitted, without objection, the preliminary hearing testimony of two witnesses who watched Pickett as he confronted Moore after learning that Moore had thwarted a neighborhood juvenile's attempt to steal a bottle of wine from a garage. They saw Pickett pull out a gun and fire a shot into the air. As the witnesses ran away, they heard one or two more shots, followed immediately by the sight of Moore on the ground with an apparent gunshot wound to his leg. The preliminary hearing transcript also includes a stipulation by Pickett's counsel that the medical examiner who performed the autopsy on Moore would testify that Moore died as the result of a gunshot wound to his right buttock. Although there is no testimony from anyone who saw Pickett fire the fatal shot, there is nothing to suggest that any other person was involved in the incident. The inference that Pickett acted alone and was the actual killer is uncontradicted and compelling.

Pickett, with the aid of counsel, had the opportunity to file a reply to the district attorney's response and present argument

at a hearing.  He asserted no objection to the district attorney's evidence, however, and offered no evidence or argument that might have raised a factual issue as to his involvement in Moore's death.  We can thus assess Pickett's prima facie showing without "engag[ing] in 'factfinding involving the weighing of evidence' " or making any credibility determinations (*Lewis*, *supra*, 11 Cal.5th at p. 972), because Pickett offered no evidence to weigh, and did not dispute the evidence the district attorney submitted.  (See *Patton*, *supra*, 89 Cal.App.5th at p. 658, review granted [in summarily denying section 1172.6 petition, court did not engage in factfinding or weighing of evidence where uncontroverted preliminary hearing testimony showed that the defendant was the sole and actual perpetrator].)

Under these circumstances, where the defendant alleges no facts concerning the murder to which he pleaded guilty, the People introduce without objection uncontroverted evidence from the preliminary hearing transcript showing that the defendant acted alone in killing the victim, and the defendant does not put forth, by way of briefing or oral argument, any factual or legal theory in support of his petition, the defendant has failed to make a prima facie showing for relief under section 1172.6.  (See *Patton*, *supra*, 89 Cal.App.5th at p. 657, review granted; see also *Lewis*, *supra*, 11 Cal.5th at p. 971 [court may deny petition for resentencing when it is "clearly meritless"].)

The cases Pickett relies on are inapposite or distinguishable.  In *People v. Cooper* (2020) 54 Cal.App.5th 106, the defendant was convicted by plea of second degree murder.  In response to the defendant's petition for resentencing under section 1172.6, the district attorney produced preliminary hearing testimony showing that the defendant and an accomplice

9

were involved in the killing of the victim. (*Cooper*, *supra*, at pp. 110–111.) The court summarily denied the defendant's resentencing petition without appointing counsel for him or receiving a reply to the district attorney's response. The Court of Appeal held that the court erred by failing to appoint counsel and "by relying on the transcript of the preliminary hearing to deny [the defendant's] petition without first receiving briefing from the parties." (*Id.* at p. 124.) The court concluded: "Our opinion should not be read to suggest that, had the trial court appointed counsel for [the defendant] and received briefing from the parties, it could not then rely on the preliminary-hearing transcript to deny the petition for failure to make a prima facie showing of entitlement to relief." (*Id.* at p. 125.) The court further stated: "We need not decide whether the court could have properly denied the petition based on the existing record if, for example, [the defendant] was appointed counsel but did not exercise the opportunity to file a brief." (*Ibid.*)

Here, we are faced with the scenario the *Cooper* court expressly declined to address: Whether a court, in assessing the prima facie showing under section 1172.6, can rely on evidence presented at the defendant's preliminary hearing where the petitioning defendant was convicted by plea in the underlying case and was appointed counsel but declined to file a brief or raise any factual issue or argument in support of the petition. *Cooper* provides no guidance on this question.

In *People v. Rivera* (2021) 62 Cal.App.5th 217 (*Rivera*), testimony before a grand jury showed that defendant drove an accomplice to a location where the accomplice shot and killed a victim. (*Id.* at p. 224.) The defendant pleaded guilty to second degree murder and stipulated as to the factual basis for his plea.

10

(*Id.* at pp. 225–226.)  He later petitioned for resentencing under section 1172.6.  (*Rivera*, *supra*, at p. 226.)  The court appointed counsel, who filed a reply to the district attorney's response to the petition.  In the reply, the defendant pointed out that his accomplice "was the actual shooter," and "highlighted the lack of evidence that he shared or knew of [the accomplice's] intent, that he knew [the accomplice] had a gun, or that he assisted [the accomplice] in any way except by driving the car."  (*Ibid.*)  The trial court summarily denied the petition, and the Court of Appeal reversed.

The *Rivera* court rejected the trial court's reliance on the grand jury testimony to support summary denial of the resentencing petition, stating:  "[W]hen a petitioner disputes that the evidence presented at a preplea proceeding demonstrates his or her guilt under a still-valid theory of murder, and no ' "readily ascertainable facts" ' definitively prove otherwise, a trial court cannot deny a petition at the prima facie stage without resorting to ' "factfinding involving the weighing of evidence or the exercise of discretion." ' "  (*Rivera*, *supra*, 62 Cal.App.5th at p. 238.)  The court explained that the defendant "not only filed a facially sufficient petition but, with the assistance of counsel, offered a theory under which the evidence presented to the grand jury was consistent with his guilt of murder under the natural and probable consequences doctrine, based upon an intent to participate in a target offense of assault.  [Citation.]  In doing so, he created a factual dispute that cannot be resolved at the prima facie stage since nothing in the record definitively foreclosed his theory."  (*Id.* at p. 239.)

Like the *Cooper* court, the *Rivera* court expressly limited its holding to cases where a petitioner submits a brief in support

11

of the petition: "[W]e leave open the possibility that if a petitioner who entered a plea to murder after being indicted submits a form petition making the required declarations but does not in any way contest the evidence presented to the grand jury, a trial court can rely on the grand jury transcript to deny the petition before holding an evidentiary hearing." (*Rivera, supra*, 62 Cal.App.5th at p. 238.) *Rivera*, therefore, does not aid Pickett.

In *People v. Davenport* (2021) 71 Cal.App.5th 476 (*Davenport*), the defendant pleaded no contest to second degree murder and later filed a petition for resentencing under section 1172.6. The district attorney filed opposition to the petition, and the defendant's court-appointed counsel filed a reply brief.[5] (*Davenport, supra*, at p. 480.) The court summarily denied the petition based in part on preliminary hearing testimony showing that defendant acted alone in shooting and killing the victim. (*Ibid.*) The Court of Appeal reversed. Although the court disagreed with the defendant's contention that the preliminary hearing transcript is not part of the record of conviction, the court held that "the trial court erred in considering facts from the preliminary hearing transcript . . . because [the defendant] did not stipulate to the transcript as a factual basis for [the] plea." (*Id.* at p. 481.)

*Davenport* can be distinguished on the ground that the defendant's counsel filed a reply brief—presumably asserting a factual or legal basis in support of the petition—whereas Pickett's counsel did not. Unlike the *Cooper* and *Rivera* courts, however,

---

[5] The *Davenport* opinion does not indicate what arguments the defendant asserted in his reply brief.

12

the *Davenport* court did not limit its holding to cases where the defendant files a brief or otherwise raises a factual issue or proffers a theory in support of section 1172.6 eligibility. *Davenport* appears to say that a trial court, in considering whether a defendant makes a prima facie showing under section 1172.6, can never consider facts from the defendant's preliminary hearing unless the defendant had stipulated to the preliminary hearing transcript as a factual basis for his plea. (*Davenport*, *supra*, 71 Cal.App.5th at p. 481.) Indeed, Pickett cites to *Davenport* for this proposition in his brief on appeal. To the extent *Davenport* can be read to stand for that proposition, we disagree with it.

As our Supreme Court has explained, the transcript of a preliminary hearing is considered part of the record of conviction because the transcript "reliably reflect[s] the facts of the offense for which the defendant was convicted." (*Reed*, *supra*, 13 Cal.4th at p. 223.) The transcript is reliable, the court explained, "because the procedural protections afforded the defendant during a preliminary hearing tend to ensure the reliability of such evidence. Those protections include the right to confront and cross-examine witnesses and the requirement those witnesses testify under oath, coupled with the accuracy afforded by the court reporter's verbatim reporting of the proceedings." (*Ibid*.) Although evidence adduced at the preliminary hearing establishes, at most, only that "there is 'sufficient cause' to believe defendant guilty of a public offense" (*People v. Uhlemann* (1973) 9 Cal.3d 662, 667), that limitation does not necessarily preclude the trial court from allowing such evidence to "inform the trial court's prima facie inquiry under section [1172.6]" to determine whether the petition is "clearly meritless" (*Lewis*,

13

*supra*, 11 Cal.5th at p. 971). Nothing in *Lewis* supports the proposition that the preliminary hearing transcript may "inform the trial court's prima facie inquiry" only when the defendant has stipulated to the transcript as the factual basis for his plea.

Pickett also cites to *Flores*, *supra*, 76 Cal.App.5th 974. In that case, the People relied on the preliminary hearing testimony of a sheriff's deputy in arguing that the defendant failed to make a prima facie showing for relief under section 1172.6. According to the deputy, the defendant said that an accomplice shot the victim "multiple times and beat him around the head and upper body, after which [the defendant] may have accidentally run over [the victim] twice while leaving the scene." (*Flores*, *supra*, at p. 991.) The *Flores* court acknowledged that the trial court can consider the preliminary hearing transcript in assessing the defendant's prima facie showing (*id.* at p. 989, fn. 11), but held that the deputy's testimony "[did] not establish petitioner's ineligibility for resentencing as a matter of law." (*Id.* at p. 991.) The defendant's statements to the deputy did not preclude the possibility that the accomplice, not the defendant, was the actual killer, or that the defendant aided and abetted his accomplice without the intent to kill the victim. The evidence, therefore, "[did] not exclude the possibility that petitioner was, or could have been, convicted under the imputed malice theories eliminated by Senate Bill No. 1437." (*Ibid.*) Here, by contrast, there is no allegation or evidence of an accomplice in the killing of Moore; the uncontradicted evidence shows that Moore acted alone. *Flores*, therefore, does not help Pickett.[6]

---

[6] Pickett contends that the post-plea probation report and sentencing transcripts are not part of the record of conviction and

14

For all the foregoing reasons, Pickett has failed to make a prima facie showing that he is eligible for relief under section 1172.6.  The court, therefore, did not err in denying his petition.

## DISPOSITION

The order denying Pickett's petition for resentencing is affirmed.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

WEINGART, J.

---

should not be considered in evaluating his prima facie showing. Without deciding these questions, we need not consider these documents because Pickett has failed to make a prima facie showing for relief regardless of their content.  Nor do we rely on the fact that Pickett pleaded guilty to second degree murder and admitted the firearm allegation.  As Pickett contends, such admissions do not necessarily preclude relief under section 1172.6.  (*Eynon, supra,* 68 Cal.App.5th at pp. 977–978; *Davenport, supra,* 71 Cal.App.5th at p. 485.)

Filed 7/24/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br>     v. <br><br> RAYMOND PICKETT, <br><br>     Defendant and Appellant. | B320892 <br><br> (Los Angeles County <br> Super. Ct. No. A020654) <br><br><br> CERTIFICATION AND <br> ORDER FOR PUBLICATION |

THE COURT:

    The opinion in the above-entitled matter filed on June 29, 2023 was not certified for publication in the Official Reports. For good cause, it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

ROTHSCHILD, P. J.      BENDIX, J.      WEINGART, J.