Filed 9/18/25  P. v. Richardson CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PATRICK LAMONT RICHARDSON,<br><br>    Defendant and Appellant. | H052629<br>(Monterey County<br>Super. Ct. No. SC016712A) |

In 1992, a jury convicted defendant Patrick Lamont Richardson of first degree felony murder (among other crimes) and found true that Richardson personally used a firearm.  The jury also found true three felony murder special circumstances.  The trial court sentenced Richardson to life in prison without possibility of parole.

In 2019, Richardson filed a petition for resentencing under Penal Code[1] section 1170.95 (now section 1172.6[2]).  The trial court denied that petition at

---

[1] All further unspecified statutory references are to the Penal Code.

[2] Effective January 1, 2022, the Legislature amended section 1170.95 in several respects.  (See Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775) (Stats. 2021, ch. 551, §§ 1, 2.)  The Legislature later renumbered section 1170.95 as section 1172.6, with no change to the text of the statute

the prima facie stage after reviewing case-related documents and deciding that the facts sufficiently established Richardson was the actual killer and a major participant who acted with reckless indifference to human life.

In 2024, Richardson filed another petition under section 1172.6. In October 2024, the trial court denied that petition, again at the prima facie stage. The court ruled that because it had previously found Richardson ineligible for relief, the collateral estoppel doctrine precluded the court from conducting the same analysis on the same facts. Richardson appeals from the court's October 2024 order denying relief.[3]

Richardson contends the trial court erred in denying his petition as barred by collateral estoppel because that petition rests on new legal authority that challenges the basis for denying his prior petition. The Attorney General agrees with Richardson, conceding that the court's denial of Richardson's current petition was premature. The Attorney General suggests this matter should be remanded to consider whether Richardson has made a prima facie case for relief.

The Attorney General's concession is well taken. Accordingly, we reverse the trial court's order denying Richardson's petition and remand with directions that the trial court conduct further proceedings under section 1172.6, subdivision (c), consistent with current law.

_____

(Stats. 2022, ch. 58, § 10, eff. June 30, 2022). Unless stated otherwise, citations refer to the current version of the statute codified in section 1172.6.

[3] Richardson filed another section 1172.6 petition in November 2024. The trial court denied that petition in December 2024, and Richardson appealed. We resolve Richardson's additional appeal in a decision filed this day in case No. H052871.

# I. PROCEDURAL BACKGROUND[4]

A. *Trial Proceedings*

In September 1991, the Monterey County District Attorney filed an information charging Richardson and three codefendants (Lester Lamount Polk, Eugene Leonard Ballance, and John Lewis Drayton) with nine offenses committed on or about June 14, 1991: murder (§ 187; count 1), three counts of robbery (§ 212.5; counts 2, 3, & 4), burglary (§ 459; count 5), two counts of assault with a firearm (§ 245, subd. (a)(2); counts 6 & 7), forcible sexual penetration with a foreign object (§ 289, subd. (a); count 8), and conspiracy to commit robbery (§§ 182, 212.5; count 9).

As to count 1, the information alleged the special circumstances of murder during the commission of robbery, burglary, and rape by instrument (former § 190.2, subd. (a)(17)(i), (vii), (xi)). As to counts 1 through 8, the information alleged Richardson and two codefendants (Polk and Drayton) personally used a firearm in the commission of each offense (§ 12022.5) (firearm allegations).

At trial, the trial court instructed the jurors on, inter alia, aiding and abetting principles (including mention of the natural and probable consequences doctrine) (see CALJIC Nos. 3.00–3.02), first degree felony murder (see CALJIC Nos. 8.00, 8.10, 8.21, 8.26, 8.27), felony murder special circumstances (see CALJIC Nos. 8.80.1, 8.81.17), and personal use of a firearm (see CALJIC No. 17.19).[5]

---

[4] We omit a summary of the facts of Richardson's offense because the facts are not germane to our resolution of the legal claim raised in this appeal.

[5] The instant appellate record includes some reporter's transcripts and other documents from Richardson's trial.

In October 1992, a jury convicted Richardson as charged and returned true findings on the three special circumstances, the firearm allegations, and each overt act alleged in the conspiracy charge.

In December 1992, after a penalty phase trial and jury recommendation of imprisonment for life without the possibility of parole (LWOP), the trial court imposed that sentence on count 1. On the remaining counts, and concurrent with the LWOP sentence, the trial court imposed an aggregate determinate term of 15 years eight months in prison. Richardson appealed.

In October 1994, a different panel of this court affirmed the judgment. (*People v. Richardson* (Oct. 20, 1994, H010735) [nonpub. opn.].)

B. *First Petition for Resentencing*

In January 2019, Richardson filed a petition under former section 1170.95 (first petition). The trial court appointed counsel to represent Richardson.

In April 2019, the district attorney filed an opposition to Richardson's petition. The district attorney argued, inter alia, that Richardson was ineligible for relief because he was the actual killer or, alternatively, he was a major participant in the underlying felonies of robbery and burglary and acted with reckless disregard to human life. The district attorney attached as exhibits to the opposition the reporter's transcript of an August 1991 preliminary hearing held in the underlying prosecution of Richardson, the September 1991 information, the clerk's minute order reflecting the jury's verdicts at Richardson's trial, this court's October 1994 opinion on direct appeal, and the 2006 decision of a federal district court denying Richardson's petition for writ of habeas corpus.

4

In August 2019, the trial court held a hearing on Richardson's petition and denied it for failing to make prima facie showing for relief.[6] The court stated that it had reviewed the district attorney's exhibits. The court also described the facts of the crime based on those exhibits. The court concluded "[t]he facts in this case are sufficient to establish that . . . Richardson[] was the actual killer" of the deceased victim and "[a]lternatively, the facts in this case were also sufficient to establish that [Richardson] was a major participant in the underlying felony burglary and robbery of the murder victim and his family, and . . . Richardson, acted with reckless indifference to human life."

Richardson did not appeal the trial court's denial of his first petition.

C. *Second Petition for Resentencing*

In October 2022, Richardson filed a second petition under section 1172.6. The instant appellate record does not indicate whether the trial court took any action on that petition.

D. *Third Petition for Resentencing*

On February 5, 2024, Richardson filed another petition under section 1172.6 (third petition). The trial court appointed the public defender to represent Richardson.

In April 2024, the district attorney filed an opposition to the third petition contending it should be denied based on issue preclusion (also known as collateral estoppel). The district attorney attached as an exhibit to the opposition the reporter's transcript of the August 2019 hearing on Richardson's first petition. The district attorney asserted, "All five threshold requirements of issue preclusion apply because the exact same factual issue was litigated by the exact same parties years ago when the petition was

---

[6] Richardson was not present in court for this hearing.

5

denied in 2019. Since 2019 there have been no changes in the law that would now allow an actual killer to be eligible for relief."

Richardson's public defender filed a reply to the district attorney's opposition contending the third petition should be considered on the merits. Counsel asserted that principles of collateral estoppel should not be applied to deny relief at the prima facie stage because the documents in the record regarding the first petition "did not show [Richardson] was ineligible as a matter of law." Counsel argued that because Richardson had been tried by a jury, the August 1991 preliminary hearing transcript "is not part of the record of conviction" (citing *People v. Houck* (1998) 66 Cal.App.4th 350, 356). Counsel further argued neither the September 1991 information nor the minute order of the jury's trial verdict rendered Richardson ineligible for relief as a matter of law, and the trial court's use of the facts described in this court's direct appeal opinion was improper under section 1172.6 (as amended by Senate Bill 775) and constituted inappropriate factfinding under *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).

In June 2024, the public defender filed a declaration by Richardson in support of the reply. The declaration principally asserted detrimental consequences due to Richardson's absence from the proceedings on his first petition.

On June 20, 2024, the trial court granted Richardson's request to represent himself and relieved the public defender.

On August 27, 2024, the trial court appointed new defense counsel through the alternate defender's office.

In September 2024, defense counsel filed a supplemental reply to the district attorney's opposition.

6

On October 8, 2024, the trial court held a hearing on Richardson's third petition.[7] The court noted Richardson's failure to appeal from the court's August 2019 ruling on his first petition. The court explained that because it had previously determined Richardson was the actual killer and found Richardson was ineligible for relief at the prima facie stage, that finding precluded the court from "conducting the same analysis on the same exact facts at the prima faci[e] stage." The court stated that "[t]he 2019 petition and its denial satisfies all five threshold requirements for the [c]ourt to preclude relitigating Mr. Richardson's eligibility for relief under his subsequent Penal Code section 1172.6 petition." The court explained that "[n]o changes in the amended statute change the law that would now make an actual killer eligible for relief," "[t]he filing of a[] [section] 1172.6 petition does not provide a do-over on factual disputes that have already been resolved, and it does not entitle Mr. Richardson to relitigate issues already decided by this [c]ourt in 2019 in the absence of any new legal authority which challenges the basis of this [c]ourt's ruling in 2019."

The court concluded its ruling by stating that it "stands by" its August 2019 ruling and explaining that Richardson's third petition, "which raises the same exact issues litigated in 2019 and requests resentencing based on the same issues previously denied by this [c]ourt, is barred under the [c]ollateral [e]stoppel [d]octrine and is respectfully denied."[8]

---

[7] The bench officer who ruled on Richardson's first petition also ruled on his third petition.

[8] Additionally, the trial court declined to respond to Richardson's separate request for resentencing under Assembly Bill No. 600 (2023–2024 Reg. Sess.) (amending section 1172.1 (see *People v. Griggs* (2025) 109 Cal.App.5th 1231, 1234)). The court also declined to consider, for lack of jurisdiction, Richardson's motion for relief under the Racial Justice Act (§ 745). Richardson raises no claim in this appeal regarding those rulings.

Richardson appealed from the trial court's denial of his third petition.

## II. DISCUSSION

Richardson contends his third petition is not precluded because it rests on new legal authority that challenges the trial court's basis for denying his first petition. He asserts that when the court denied his first petition, the court applied an incorrect standard regarding his eligibility for relief and engaged in impermissible factfinding contrary to *Lewis*. Richardson further notes that his jury trial occurred before the California Supreme Court decided *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, and that his first petition was denied before our high court decided *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).[9] Richardson claims that current law makes clear that the factual summary in this court's prior opinion in the direct appeal may not establish ineligibility at the prima facie stage.

Additionally, Richardson contends the record of his conviction does not conclusively preclude relief and this matter should be remanded for issuance of an order to show cause and an evidentiary hearing because the jury's finding on the firearm allegation attached to the murder count does not establish that he was "the actual shooter or harbored the requisite mens rea," the aiding and abetting instructions included the now invalid natural and probable consequences doctrine, the felony murder and special circumstances

---

[9] In *Banks* and *Clark*, our Supreme Court "provided substantial guidance on the meaning of" major participation and reckless indifference to human life under section 190.2, subdivision (d). (*Strong*, *supra*, 13 Cal.5th at p. 703.) Later, in *Strong*, the court concluded: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under [section 1172.6]. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id*. at p. 710; see also *id*. at p. 721.)

8

instructions do not preclude Richardson from making the requisite prima facie showing, and the record does not conclusively demonstrate the jury made findings to support a murder conviction under current law.

A. *Legal Principles*

1. Issue Preclusion

" 'As traditionally understood and applied, issue preclusion bars relitigation of issues earlier decided "only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." ' [Citation.] 'The party asserting collateral estoppel bears the burden of establishing these requirements." " (*People v. Curiel* (2023) 15 Cal.5th 433, 451–452 (*Curiel*).) " '[T]he doctrine will not be applied if such application would not serve its underlying fundamental principles' of promoting efficiency while ensuring fairness to the parties." (*Strong*, *supra*, 13 Cal.5th at p. 716.) Moreover, "preclusion does not apply when there has been a significant change in the law since the factual findings were rendered that warrants reexamination of the issue." (*Ibid.*)

2. Section 1172.6

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did

9

not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842, superseded by statute on another ground as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 869; see also § 188, subd. (a)(3).)

Senate Bill 1437 added section 189, subdivision (e) to narrow the application of the felony-murder rule. (Stats. 2018, ch. 1015, § 3; see *Curiel*, *supra*, 15 Cal.5th at p. 448.) "[S]ection 189, as amended, now limits liability under a felony-murder theory principally to 'actual killer[s]' [citation] and those who, 'with the intent to kill,' aid or abet 'the actual killer in the commission of murder in the first degree' [citation]. Defendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of . . . [s]ection 190.2' — that is, the statute defining the felony-murder special circumstance." (*Strong*, *supra*, 13 Cal.5th at p. 708, quoting § 189, subd. (e).)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended." (*Strong*, *supra*, 13 Cal.5th at p. 708.) When the trial court receives a petition under section 1172.6 requesting vacatur of a murder conviction and resentencing, and "containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.] If, instead, the defendant has made a prima facie showing of

10

entitlement to relief, 'the court shall issue an order to show cause.' " (*Ibid.*, citing *Lewis, supra,* 11 Cal.5th at pp. 970–972,[10] § 1172.6, subd. (c); see also *Curiel, supra,* 15 Cal.5th at p. 460; *People v. Hickman* (2025) 110 Cal.App.5th 1262, 1268 ["A trial court may deny a section 1172.6 petition 'at the prima facie stage only if "the petition and record in the case establish conclusively that the defendant is ineligible for relief" as a matter of law.' "].)

During the prima facie stage of review, the trial court "may look at the record of conviction . . . to determine whether a petitioner has made a prima facie" showing. (*Lewis, supra,* 11 Cal.5th at p. 971.) The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*Ibid.*) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) " '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*) Although the court may rely on the record of conviction in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972; see also *People v. Patton* (2025) 17 Cal.5th 549, 562–567 (*Patton*).)

---

[10] When amending former section 1170.95 in Senate Bill 775, the Legislature expressly "[c]odifie[d] the holdings of [*Lewis*] regarding . . . the standard for determining the existence of a prima facie case." (See Stats. 2021, ch. 551, § 1, subd. (b); see also *People v. Birdsall* (2022) 77 Cal.App.5th 859, 865.)

11

"Where facts from the record of conviction are undisputed, accepting them over contrary legal allegations that are merely conclusory is not 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Patton, supra*, 17 Cal.5th at pp. 565–566.) "But petitioners need not, at the prima facie stage, meet an evidentiary burden of proof to establish entitlement to relief, such as the burden of proof applicable to the People if trying to defeat relief at the later [section 1172.6,] subdivision (d)(3) hearing. Rather, petitioners confronting a record of conviction that demonstrates relief is unavailable have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*Id.* at pp. 566–567, fn. omitted.)

Moreover, at the prima facie stage, an allegation that the petitioner could not currently be convicted of a homicide offense because of changes made to homicide law by Senate Bill 1437 "is not refuted by the record unless the record conclusively establishes every element of the offense." (*Curiel, supra*, 15 Cal.5th at p. 463; see also *People v. Morales* (2024) 102 Cal.App.5th 1120, 1130–1131; *People v. Lopez* (2022) 78 Cal.App.5th 1, 14.) "[A] relevant jury finding is generally preclusive in section 1172.6 proceedings, i.e., it 'ordinarily establish[es] a defendant's ineligibility for resentencing under Senate Bill 1437 and thus preclude[s] the defendant from making a prima facie case for relief.' " (*Curiel*, at pp. 453–454.)

Nonetheless, "[b]ecause a jury's felony-murder special-circumstance finding made before *Banks* and *Clark* carries with it a significant risk that it does not reflect a determination under the correct legal standard, *Strong* held that those decisions 'represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue.' [Citation.] 'There are many petitioners with pre-*Banks* and *Clark*

12

felony-murder special-circumstance findings who nevertheless could not be convicted of murder today.' [Citation.] It would therefore be inequitable to give preclusive effect to those findings in later resentencing proceedings under section 1172.6. 'For petitioners with pre-*Banks/Clark* findings, no judge or jury has ever found the currently required degree of culpability for a first time. Allowing reexamination of the issue under these circumstances does not permit "a second bite of the apple" because the changes in the law mean there is now "a different apple." ' " (*Curiel*, *supra*, 15 Cal.5th at pp. 454–455.)

### 3. Standard of Review

"We independently review the denial of a resentencing petition at the prima facie stage, whether the denial is based on the issue preclusion doctrine [citation], the law of the case doctrine [citation], or, more generally, failure by the petitioner to make a prima facie showing under section 1172.6." (*People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238–1239 (*Beaudreaux*); accord, *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

### B. *Analysis*

The Attorney General acknowledges that *Lewis* and *Strong* "limited the factfinding role of trial courts at the prima facie stage." The Attorney General agrees with Richardson that the trial court "erred in ruling that collateral estoppel required it to find [Richardson] ineligible for relief as a matter of law due to the court's 2019 ruling on his first petition." The Attorney General concedes that Richardson's "first petition did not receive the correct analysis" under subsequently decided cases that "redefined the legal standard for making a prima facie showing" and those decisions "constitute a relevant change in the law."

13

We agree that the trial court erred in denying Richardson's third petition by deciding that its August 2019 ruling precluded consideration of the third petition.

There is no bar to successive petitions under section 1172.6 when "the subsequent petition rest[s] on new legal authority which challenged the basis for the [trial] court's summary denial of the previous petition." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 946–947 (*Farfan*); see also *id.* at pp. 950–951; *Beaudreaux, supra,* 100 Cal.App.5th at p. 1232; *People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

In litigating his third petition before the trial court, Richardson cited *Lewis* and *Strong*. Those post-August 2019 decisions defined the prima facie inquiry under section 1172.6 and rejected the approach taken by the trial court in 2019, which involved significant factfinding. (See *Lewis, supra,* 11 Cal.5th at p. 972 ["In reviewing any part of the record of conviction at [the prima facie inquiry], a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "]; *Strong, supra,* 13 Cal.5th at p. 720 ["Neither the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause."].)

Additionally, Richardson cited to the trial court the 2024 Court of Appeal decision in *Beaudreaux,* which concluded that a trial court may not consider the factual summary of a prior appellate opinion at any stage of the section 1172.6 petition process. (See *Beaudreaux, supra,* 100 Cal.App.5th at pp. 1237–1238; see also § 1172.6, subd. (d)(3) [as amended by Senate Bill 775 to state, "The court may also consider the procedural history of the case

14

recited in any prior appellate opinion."].) When ruling in August 2019, the trial court relied in part on the facts summarized in this court's prior direct appeal opinion to find Richardson ineligible for relief. That reliance is contrary to current law. (§ 1172.6, subd. (d)(3).)

Because the denial of Richardson's first petition at the prima facie stage cannot stand under subsequent authority, we conclude the trial court erred in deciding that its August 2019 ruling barred Richardson's third petition in 2024. (See *Farfan*, *supra*, 71 Cal.App.5th at pp. 946–947, 950–951.)

Regarding the remedy for the trial court's error at the prima facie stage, the Attorney General disputes Richardson's contention that this court should direct the trial court to issue an order to show cause and hold an evidentiary hearing under section 1172.6, subdivision (d). The Attorney General suggests that we should remand with directions for the trial court to decide whether Richardson "has established a prima facie case for relief under *Lewis* and its progeny."

We agree with the Attorney General that remanding this matter for further prima facie stage proceedings is appropriate. Although the appellate record includes some transcripts and documents from Richardson's trial, there is no indication the parties have ever attempted to present a complete record of Richardson's conviction for review by the trial court, so that it could properly determine whether Richardson has made a prima facie case for relief under section 1172.6, subdivision (c), or if he is ineligible for relief as a matter of law. Where the trial court has not had an opportunity to review the full record of conviction, we should not undertake that review in the first instance. (See *People v. Gallardo* (2024) 105 Cal.App.5th 296, 302–303.)

Under the present circumstances, we conclude the proper remedy is reversal of the trial court's order denying Richardson's third petition and remand with directions to conduct proceedings in accordance with section 1172.6, subdivision (c) and current law.  (*Gallardo*, *supra*, 105 Cal.App.5th at p. 303.)  We express no opinion on whether Richardson can make a prima facie case for relief.

## III.  DISPOSITION

The trial court's October 8, 2024 order denying Richardson's Penal Code section 1172.6 petition for resentencing is reversed.  The matter is remanded to the trial court with directions to conduct under current law the prima facie inquiry as required under Penal Code section 1172.6, subdivision (c).

_____

Danner, J.

WE CONCUR:

_____

Greenwood, P. J.

_____

Bromberg, J.

**H052629**
*People v. Richardson*