Filed 7/31/23  P. v. Grigoryan CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AZNAUR GRIGORYAN,<br><br>    Defendant and Appellant. | B322129<br><br>(Los Angeles County<br>Super. Ct. No. PA092744) |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Affirmed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nikhil Cooper, Deputy Attorneys General for Plaintiff and Respondent.

Aznaur Grigoryan appeals from an order summarily denying his petition to vacate his manslaughter conviction and be resentenced under Penal Code section 1172.6.[1]  Because he has failed to provide us with an adequate record to review, we affirm the court's order.  In any case, even if a complete record would support his factual assertions, he is not entitled to relief under section 1172.6.

## FACTUAL AND PROCEDURAL SUMMARY

On May 8, 2019, Grigoryan drove a car while intoxicated.  His car and a car driven by Arotin Mahmoudian collided, which caused Mahmoudian's car to hit and kill a pedestrian, Raymond Allen, and Allen's dog.

In June 2021, the Los Angeles District Attorney filed a second amended information charging Grigoryan with:  murder of Allen (count 1; § 187); hit and run driving resulting in injury to another (count 2; Veh. Code, § 20001, subd. (b)(1)); driving under the influence of alcohol causing injury (count 3; Veh. Code, § 23153, subd. (a)); gross vehicular manslaughter (count 4; § 191.5, subd. (a)); assault upon Angela Llernas (a passenger in Mahmoudian's car) with a deadly weapon (count 5; § 245, subd. (a)(1)); cruelty to an animal (count 6; § 597, subd. (a); and resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1)).  The People further alleged that in the commission

---

[1] Subsequent unspecified statutory references are to the Penal Code.

Grigoryan filed his petition for resentencing under former section 1170.95, which the Legislature later renumbered section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We hereafter refer to section 1172.6 for ease of reference.

of count 3 (driving under the influence), Grigoryan personally inflicted great bodily injury on Raymond Allen.  (Pen. Code, § 12022.7, subd. (a).)

On June 9, 2021, pursuant to a plea agreement, Grigoryan pleaded no contest to counts 2 through 7; that is, all counts other than murder, which the court dismissed.[2]  He also admitted the personal infliction of great bodily injury enhancement allegation as to count 3.  The court found that there is a factual basis for the plea, accepted the plea, and found Grigoryan guilty of counts 2 through 7.  The court sentenced Grigoryan to one year in jail, for which he was credited the same amount for time served, plus 14 years in prison.

On January 31, 2022, Grigoryan filed a petition for resentencing under section 1172.6.  Grigoryan alleged:  (1) an information was filed against him that allowed the prosecution to proceed under a theory of murder under the natural and probable consequences doctrine; (2) he was convicted of manslaughter following a plea offer in lieu of a trial at which he could have been convicted of murder; (3) he "could not presently be convicted of murder because of changes to [sections] 188 or 189[,] effective [January 1, 2019]."  Grigoryan requested the appointment of counsel.[3]

---

[2] A transcript of the plea hearing is not included in our record.  Our references to the facts concerning the plea are based on a minute order in the record.

[3] In addition to arguments pertinent to resentencing issues under section 1172.6, Grigoryan, in documents filed prior to the appointment of counsel, asserted that a prosecution expert testified falsely at his preliminary hearing, and that the

Grigoryan, acting in propria persona, submitted a document, to which he attached a written statement that Mahmoudian had given to law enforcement, and a document prepared by a traffic accident reconstructionist, dated January 23, 2020. (Capitalization omitted.) According to Grigoryan, Mahmoudian "made an unsafe lane change" into Grigoryan's lane of traffic, struck Grigoryan's car, "swerved out of control," and hit Allen, causing Allen's death. In his filing he included numerous citations to the transcript of his preliminary hearing in support of his factual assertions.

On February 2, 2022, without appointing counsel, the court summarily denied Grigoryan's petition on the ground that the People's theory of murder was implied malice under *People v. Watson* (1981) 30 Cal.3d 290 (*Watson*), not felony murder or the natural and probable consequences doctrine.

On February 23, 2022, Grigoryan, still without counsel, filed a motion for reconsideration on the ground, among others, that the court failed to appoint counsel for him.

In response to the motion, the court appointed counsel for Grigoryan, directed the People to file a response to the petition, and allowed Grigoryan's counsel to file a reply to the People's response.

The People's response argued that Grigoryan is ineligible for relief under section 1172.6 because he "was the actual driver

---

prosecution failed to preserve and produce exculpatory evidence in violation of principles established in *California v. Trombetta* (1984) 467 U.S. 479, and *Brady v. Maryland* (1963) 373 U.S. 83. These points are not asserted on appeal, and we do not address them.

of the vehicle that was the proximate cause of the death of Raymond Allen."

On June 30, 2022, Grigoryan substituted retained counsel in place of the public defender's office. On the same day, Grigoryan's new counsel filed a reply to the People's response. According to the reply, "there is no evidence that [Grigoryan] acted with malice aforethought," and that "malice is being imputed upon [him] due to the allegations that he was driving under the influence or violating a speed law[, which] is improper and contrary to Penal Code [section] 188."

At a hearing held on July 1, 2022, the court concluded that Grigoryan is not eligible for relief under section 1172.6, and denied the petition. The court stated that it "considered everything in the court file, [including] the preliminary hearing transcript," and explained that Grigoryan "was convicted of second degree murder for killing a person under a theory of actual implied malice, . . . not malice imputed under the natural and probable consequences doctrine."

Grigoryan timely appealed.

Our record does not include the transcripts of the preliminary hearing or the hearing on Grigoryan's plea.

## DISCUSSION

### A. *Section 1172.6*

In 2018, the Legislature enacted Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 2, p. 6675), which "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule." (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Among other changes, the law now provides that "[m]alice

5

shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The changes are intended "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, p. 6674; see *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Senate Bill No. 1437 did not affect liability for implied malice murder under *Watson*, *supra*, 30 Cal.3d 290. (*People v. Carr* (2023) 90 Cal.App.5th 136, 143 (*Carr*); *People v. Roldan* (2020) 56 Cal.App.5th 997, 1004–1005.) Under *Watson*, a person may be found guilty of murder if he drives while intoxicated, knows that his conduct endangers the life of another, and acts with conscious disregard for life. (*Watson*, *supra*, 30 Cal.3d at p. 300.) The *Watson* theory of murder remains valid because it "does not involve the *imputation* of malice. It requires proof— in addition to the mere fact that the defendant killed someone while driving intoxicated—that the defendant *personally harbored* implied malice." (*Carr*, *supra*, 90 Cal.App.5th at p. 144.)

Senate Bill No. 1437 also enacted the predecessor to section 1172.6. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.) As amended in 2021 and renumbered in 2022, section 1172.6 authorizes an individual convicted of murder based on the felony-murder doctrine, the natural and probable consequences doctrine, "or other theory under which malice is imputed to a person based solely on that person's participation in a crime" to petition the superior court to vacate the conviction and be resentenced on any remaining counts if the petitioner could not

6

now be convicted of murder because of the changes made by the new law.  (§ 1176.2, subd. (a); Stats. 2021, ch. 551, § 2; Stats. 2022, ch. 58, § 10.)

A petition under section 1172.6 must state, among other allegations, that the "petitioner could not presently be convicted of murder or attempted murder because of changes" Senate Bill No. 1437 made to the law of murder.  (§ 1172.6, subd. (a)(3).) When, as here, a petitioner files a facially sufficient petition, the trial court must appoint counsel for the petitioner, if requested, and determine, after the opportunity for briefing and a hearing, whether the defendant has made a prima facie case for relief under section 1172.6.  (§ 1172.6, subd. (c); *People v. Hurtado* (2023) 89 Cal.App.5th 887, 891; *People v. Flores* (2022) 76 Cal.App.5th 974, 985 (*Flores*).)

In determining whether the defendant has made the requisite prima facie showing, the court may review and rely on the record of the petitioner's conviction.  (*Lewis*, *supra*, 11 Cal.5th at p. 970; *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.) The "record of conviction," our Supreme Court explained, "will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  Although, in reviewing the record of conviction, courts "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion' " (*id.* at p. 972), when the record establishes as a matter of law that petitioner is ineligible for resentencing, the court may deny the petition at the prima facie stage (*People v. Garcia* (2022) 82 Cal.App.5th 956, 969–971; *Flores, supra,* 76 Cal.App.5th at p. 987).

Where the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the transcript of the defendant's preliminary hearing testimony to the extent the transcript "reliably reflect[s] the facts of the offense for which the defendant was convicted." (*People v. Reed* (1996) 13 Cal.4th 217, 223; see *People v. Patton* (2023) 89 Cal.App.5th 649, 657, review granted June 28, 2023, S279670 [summary denial of section 1172.6 petition affirmed based on uncontroverted testimony at preliminary hearing]; *Flores*, *supra*, 76 Cal.App.5th at p. 989, fn. 11 [rejecting contention that preliminary hearing transcript is not part of the record of conviction for purposes of evaluating prima facie showing under section 1172.6]; *People v. Houck* (1998) 66 Cal.App.4th 350, 356–357 [preliminary hearing transcript is not part of record of conviction when conviction resulted from a jury verdict]; see generally Couzens et al., Cal. Practice Guide: Sentencing Cal. Crimes (The Rutter Group 2022) § 23.51(J) (rev. Aug. 2022); cf. *People v. Solis* (2001) 90 Cal.App.4th 1002, 1018–1019 [preliminary hearing transcript is part of record of conviction and may be relied on to prove conduct underlying prior felony conviction for purposes of Three Strikes law]; *People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1531 [same].) The reliability of the preliminary hearing transcript for this purpose may be supported by the record of the defendant's plea when it discloses that the defendant stipulated to the preliminary hearing transcript as a factual basis for the plea. (*People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1161; see also *People v. Davenport* (2021) 71 Cal.App.5th 476, 481 (*Davenport*) [rejecting petitioner's section 1172.6 argument that the preliminary hearing transcript is never part of the record of conviction, but

concluding the court erred by denying the petition where defendant's plea record did not show that he stipulated to the preliminary hearing transcript as the factual basis for his plea].)[4]

Grigoryan relies on *Flores*, *supra*, 76 Cal.App.5th 974, for the assertion that the "trial court was prohibited from relying on the preliminary hearing to deny relief." *Flores* does not so hold. In that case, the Court of Appeal independently reviewed the record and considered the preliminary hearing transcript, which included evidence that the petitioner's accomplice actually killed the victim; the petitioner may have merely aided and abetted the actual killer without the intent to kill. (*Id.* at pp. 981–982, 991.) Thus, the evidence "[did] not exclude the possibility that petitioner was, or could have been, convicted under the imputed malice theories eliminated by Senate Bill No. 1437." (*Flores*, *supra*, at p. 991.) The *Flores* court therefore concluded that the preliminary hearing transcript does not establish petitioner is ineligible for resentencing as a matter of law. (*Id.* at p. 991.) Contrary to Grigoryan's argument, the *Flores* court did not hold that courts are precluded from relying on the preliminary hearing transcript in evaluating petitioner's section 1172.6 prima facie showing—indeed, the court expressly rejected that argument (*Flores*, *supra*, at p. 989, fn. 11)—and held

---

[4] In *Davenport*, the court stated that the trial court, in evaluating the prima facie showing under section 1172.6, cannot rely on the preliminary hearing transcript unless the petitioner had stipulated that the transcript provided a factual basis for his plea. (*People v. Davenport*, *supra*, 71 Cal.App.5th at p. 481.) We do not need to reach this issue in this case and express no view on the correctness of this aspect of *Davenport*.

only that the preliminary hearing transcript in that case did not establish the petitioner's ineligibility as a matter of law.

## B. *Failure to Provide an Adequate Record for Review*

We independently review the trial court's determination that the petitioner failed to make a prima facie showing for relief. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

"On appeal, we assume a judgment is correct and the defendant bears the burden of demonstrating otherwise." (*People v. Thompson* (2016) 1 Cal.5th 1043, 1097, fn. 11.) The burden of demonstrating error requires the appellant to provide "an adequate record to permit review of a claimed error." (*People v. Akins* (2005) 128 Cal.App.4th 1376, 1385.) "Where the appropriate record is missing or incomplete, [appellant] must see that the defect is remedied, by requesting augmentation or correction of the appellate record [citation] or by other appropriate means [citation]." (*People v. Barton* (1978) 21 Cal.3d 513, 519–520.) When the defect is not remedied, we will presume that the missing or omitted part of the record supports the challenged ruling "unless there is something in the record to overcome the presumption." (*In re Silva* (1931) 213 Cal. 446, 448.)

Here, Grigoryan cited to the preliminary hearing transcript in support of his petition below, and the trial court, without objection, expressly considered the transcript in denying the petition. Our record, however, does not include the preliminary hearing transcript or the transcript of Grigoryan's plea hearing. Nor does it appear that Grigoryan made any effort to augment the record to include the omitted transcripts or that such an

10

effort would have been futile.  We therefore presume that the omitted transcripts support the court's order, and there is nothing in our record to overcome that presumption. Accordingly, Grigoryan has failed to satisfy his burden of demonstrating error.

Even if we assume that the complete record, if it had been provided to us, would support Grigoryan's version of the incident—that is, that Mahmoudian, not Grigoryan, caused Allen's death—he would still not be entitled to relief under section 1172.6.  Section 1172.6 provides relief for persons who "could not presently be convicted of murder or attempted murder *because of* changes to [s]ection 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a)(3), italics added.)  Under Grigoryan's version of the incident, the reason he could not now be convicted of murder or attempted murder is not because of changes to the law of murder made by Senate Bill No. 1437, but because he could not have been convicted of murder or attempted murder under the law in effect before or after the enactment of Senate Bill No. 1437.  Section 1172.6, however, is not a vehicle for relitigating issues unaffected by the recent changes in the law of murder.  (See *People v. Strong* (2022) 13 Cal.5th 698, 715; *People v. Allison* (2020) 55 Cal.App.5th 449, 461, disapproved on another point in *Strong, supra,* at p. 718, fn. 3.)

11

## DISPOSITION

The order denying Grigoryan's petition for resentencing is affirmed.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:



BENDIX, J.



WEINGART, J.